# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HERBERT L. KLIMASZEWSKI,**

      **Plaintiff,**

**v.**                                           **Civil Action No. 5:08cv161**
                                                             **(Judge Stamp)**

**U.S.P. HAZELTON**

      **Defendant.**

## REPORT AND RECOMMENDATION

On October 28, 2008, the pro se plaintiff, Herbert L. Klimaszewski, filed this action under the Federal Tort Claims Act ("FTCA"). On October 30, 2008, the plaintiff was granted leave to proceed *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1915(A).

## I. The Complaint

The plaintiff is a former federal inmate, currently living in Wheeling. The complaint alleges that on June 12, 2007, when he was transferred from USP Hazelton to USMCFP Springfield his property was lost.[1] On October 2, 2007, the plaintiff filed an administrative tort claim for property damage in the amount of $183.90. The plaintiff claims he had no final response to his claim, and after six months had expired, he refiled the claim in May of 2008. As relief, the plaintiff requests that he be

---

[1] The plaintiff claims that he was taken directly from the dining room to the airport and was told that BOP officials would pack his belongings.

given his money back.²

**II. Analysis**

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Despite this limited waiver, FTCA § 2680(c) expressly preserves sovereign immunity for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer or customs or excise **or any other law enforcement officer**." 28 U.S.C. § 2680(a) (2006)(emphasis added). In 2006, the United States Court of Appeals for the Fourth Circuit joined a minority of courts in holding that the phrase "any other law enforcement officer" does not confer sovereign immunity upon Bureau correctional officers moving inmates' property because such officers are not acting in a tax or customs capacity. Andres v. United States, 441 F.3d 220, 227 (4th Cir. 2006).

However, just recently, the United States Supreme Court determined that this exception does

---

²In essence, the plaintiff is seeking payment of $183.90, the value of the items he alleges were lost when he transferred. The specific items were: (1) a sony radio; (2) New Balance tennis shoes; (3)a pair of shorts; (4) two books of postage stamps; (5) two bags of coffee; (6)a bag of creamer; (7) two beef summer sausages; (8) a box of vanilla wafers; (9) a box of Nutty Bars; (10) a soap dish; (11) twelve instant soups; (12) Nacho Chips; (13) a bowl with lid; (14) a box of Q-tips; (15) a bottle of skin lotion; (16) a jar of peanut butter; (17) a bottle of jalapeno squeeze cheese; (18) a vented hair brush; and (19) Suave balsa, shampoo.

preserve sovereign immunity for torts committed by all federal law enforcement officers specifically including officers employed by the Federal Bureau of Prisons. Ali v. Fed. Bureau of Prisons, No. 06-9130, 2008 WL 169359 (Jan. 22, 2008).[3] Accordingly, this Court does not have jurisdiction to entertain this action, and the plaintiff's complaint should be dismissed.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the plaintiff's complaint under the FTCA be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

---

[3]In Ali, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia to the USP Big Sandy in Inez, Kentucky. Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy. When his bags arrived, several items were missing, and he pursued a claim under the FTCA.

DATED: November 3, 2008

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE