IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HERBERT L. KLIMASZEWSKI,

    Plaintiff,

v.                                           Civil Action No. 5:08CV161
                                                      (STAMP)

U.S.P. HAZELTON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Herbert L. Klimaszewski, filed a civil rights complaint pursuant to the Federal Tort Claims Act ("FTCA"), claiming that his personal property was lost when he was transferred from United States Penitentiary Hazelton ("USP Hazelton") to United States Medical Center for Federal Prisoners Springfield ("USMCFP Springfield").[2] After filing an administrative tort claim for property damage, which was ultimately denied, the plaintiff filed this civil action.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The plaintiff claims that the following items were lost when he was transferred: (1) a Sony radio; (2) a pair of New Balance tennis shoes; (3) a pair of shorts; (4) two books of postage stamps; (5) two bags of coffee; (6) a bag of creamer; (7) two beef summer sausages; (8) a box of vanilla wafers; (9) a box of Nutty Bars; (10) a soap dish; (11) twelve instant soups; (12) nacho chips; (13) a bowl with lid; (14) a box of Q-tips; (15) a bottle of skin lotion; (16) a jar of peanut butter; (17) a bottle of jalapeno squeeze cheese; (18) a vented hair brush; and (19) a bottle of shampoo.

This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915A. On November 3, 2008, the magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed for lack of jurisdiction. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

2

III. <u>Discussion</u>

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-28 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Perkins v. Kansas Dep't of Corr.</u>, 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state a claim" language in the PLRA parallels that of Rule 12(b)(6)). Accordingly, under that standard, courts must accept the material facts alleged in the complaint as true, and not dismiss unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

3

Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

On the other hand, a frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The United States cannot be sued, however, unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953).

Indeed, the FTCA expressly preserves sovereign immunity for "[a]ny claim arising in respect of . . . the detention of any

goods, merchandise, or other party by any officer or customs or excise <u>or any other law enforcement officer</u>." 28 U.S.C. § 2680(c) (emphasis added). Although the United States Court of Appeals for the Fourth Circuit previously held that the phrase "any other law enforcement officer" does not apply to federal BOP correctional officers who are responsible for the loss or theft of inmates' property during a move because these officers are not acting in either a tax or customs capacity, <u>see</u> <u>Andres v. United States</u>, 441 F.3d 220, 227 (4th Cir. 2006), the United States Supreme Court has since determined that the § 2680(c) exception does in fact preserve sovereign immunity for torts committed by all federal law enforcement officers, particularly those officers employed by the federal BOP. <u>Ali v. Fed. Bureau of Prisons</u>, 128 S. Ct. 831 (2008). Therefore, Magistrate Judge Seibert recommended that the plaintiff's complaint be dismissed because this Court lacks jurisdiction over this civil action. <u>See</u> <u>Ferrell v. Zickefoose</u>, 2008 WL 4534361 (N.D. W. Va. Oct. 7, 2008) (unpublished); <u>Cabell v. Craig</u>, 2008 WL 3539692 (S.D. W. Va. Aug. 12, 2008) (unpublished); <u>Page v. United States</u>, 2008 WL 2077909 (N.D. W. Va. May 15, 2008) (unpublished).

This Court finds no clear error in the magistrate judge's report and recommendation. Even taking the plaintiff's allegations as true, he is entitled to no measure of relief in this Court. Accordingly, this Court concludes that the magistrate judge's

recommendations concerning the plaintiff's complaint should be affirmed and adopted.

IV. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's complaint under the Federal Tort Claims Act is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    August 7, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE